Shackelford, J.,
delivered the opinion of tbe Court.
This is an action for trespass de bonis asportatis, commenced in the Circuit Court of Claiborne, against the plaintiffs in error, William A. Blackburn, Thomas Henderson, Isaac Walker, Samuel Walker, Hawkins Campbell and William Lankin. Judgment by default, was taken against Isaac Walker and Hawkins Campbell.
The jury rendered a verdict against William A. Blackburn and Thomas Henderson, and assessed the damages against them, and also Isaac Walker and Hawkins Campbell, against whom judgment by default had been taken, to fifteen hundred dollars, and found the issue in favor of Samuel Walker and William Lankin. Blackburn and Henderson moved for a new trial, which motion was overruled. They excepted, and appealed in error to this Court.
Various errors have been assigned in argument. In the view we have taken of this question, the one that is presented at the threshold is decisive of the case. In empaneling the jury the Court permitted the defendants in error to challenge two jurors for each defendant, to which the plaintiffs in error objected; but the objection was overruled, and the defendant in error availed himself of the privilege, to all of which the plaintiffs in error excepted. We. are not aware of any decision of this .Court upon this question in civil cases. *229 By the provisions of section 4012 of the Code, either party to a civil action tried in the Courts of the State, may challenge two jurors without assigning any cause. It is insisted, for defendant in error, that, by this Statute each defendant is entitled to two peremptory challenges in a civil case, and therefore the plaintiff, or plaintiffs in a suit, are entitled to a like number that are allowed each defendant. To this construction we cannot assent. The language of the Act is clear, that each party to a suit — meaning the plaintiff or defendant, without regard to number — shall have two peremptory challenges. The word used is not plaintiff or defendant, but party, which comprises by its terms, the plaintiffs and defendants to the suit. The action is joint; if there be any number of plaintiffs or defendants, they are embraced in the term, party. But a different rule prevails in criminal cases; the language of the Act is different. By section 4014, in criminal cases under the grade of petit larceny, the State and the defendants may each challenge five jurors without assigning cause. Under the construction of the Act of 1829, ch. 55, the provisions of which are substantially carried into the Code, and embraced in the secton 4014, in the construction of this Act, this Court held, in the case of Hill vs. The State, 2 Yerger, 246: “When several defendants are jointly tried, each one of them is entitled to the number of challenges allowed by law, and a challenge to one excludess the party challenged as to all.”
This, the Court say, was settled upon the authority of the King vs. Salesbury, Pigot and Knosley, 1 Plow’s *230 Com., 100. The practice was settled by that case, and has never been departed from.
It will he observed that there is a difference in the language of the Act giving the right to challenge in criminal and civil cases. In criminal cases the right is given to the defendant; in civil cases it is given to each party. In criminal causes, though the defendants are tried jointly, yet the judgments may he widely different. In civil actions the judgment is joint; they are sued jointly.
We are, therefore, of opinion, in civil cases, each party to the suit, whether comprising one or more plaintiffs, is entitled to hut two peremptory challenges;
The Act of 1805, allowing but two challenges in civil cases, was carried into the Code, and is embraced in section 4012. The long established practice has been to allow but two challenges in civil eases, and we are unwilling, at this time, after so long an acquiescence by the profession, to change the construction that has been given to that Act.
The Circuit Court, therefore, erred in permitting the defendant in error to challenge more than two jurors, in empaneling the jury in this case. Our conclusions on this point being decisive of the case, it is unnecessary to notice the other errors assigned, as a new trial must be granted.
The judgment will be reversed, and the cause remanded.